UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. SA CV 17-1296-DOC (JPRx) | Date: October 5, 2017 |
|---|---|

Title: RICKEY M. GILLIAM V. BANK OF AMERICA, N.A., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [20]**

Before the Court is Plaintiff Rickey M. Gilliam's ("Gilliam" or "Plaintiff") Motion to Remand ("Motion") (Dkt. 18). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court DENIES Plaintiff's Motion.

**I.    Background**

**A.    Facts**

The Court adopts the facts as set out in Plaintiff's Complaint. *See* Notice of Removal ("Not. Rem.") (Dkt. 1) Ex. A (Complaint ("Compl.")).

Plaintiff obtained a mortgage loan from Countrywide Home Loans, Inc. ("Countrywide") on July 1, 2005, to purchase a property located at 7924 Alhambra Drive, Huntington Beach, California, 92647 ("Subject Property"). Compl. ¶¶ 14, 26, 50.

The Subject Property's deed of trust designated Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and ReconTrust Company, N.A. ("ReconTrust") as the trustee. *Id.*

Plaintiff alleges that Countrywide did not advance its own funds for the mortgage loan, but instead advanced funds from its affiliate company, Countrywide Bank, FSB, in violation of California law. *Id.* ¶¶ 27, 54. Plaintiff further alleges that during the mortgage loan transaction, MERS was not a registered entity with the California Secretary of State, and therefore, was not allowed to enter into contractual relationships in California. *Id.* ¶ 28.

Plaintiff alleges that on March 17, 2011, a ReconTrust employee feigning to be a MERS employee assigned the deed of trust to HSBC Bank. *Id.* ¶¶ 29–32; *id.* Ex. 2 at 1. Plaintiff alleges that, on May 5, 2011, another ReconTrust employee, this time feigning to be an HSBC Bank employee, also assigned the deed of trust to HSBC Bank. *Id.* ¶¶ 34–36; *id.* Ex. 3 at 1. During both assignments, ReconTrust acted as an agent for HSBC Bank. *Id.* ¶¶ 30, 38. On August 13, 2013, Bank of America—who Plaintiff alleges did not have any legal rights—assigned the deed of trust to Nationstar Mortgage, LLC ("Nationstar"). *Id.* ¶ 39–40; *id.* Ex. 4 at 1.

Plaintiff alleges that even though Nationstar held the deed of trust on April 14, 2015, HSBC Bank acted as the beneficiary and substituted ReconTrust for Veriprise Processing Solutions ("Veriprise") as the trustee, who in turn recorded a Notice of Default on behalf of HSBC Bank and against Plaintiff. *Id.* ¶¶ 41–43.

Plaintiff alleges that even though there is no official record memorializing Quality Loan Services ("Quality") as the new trustee of the deed of trust, on August 10, 2016, Quality acted as a trustee when it recorded a Notice of Trustee Sale. *Id.* ¶¶ 45–46.

Plaintiff alleges that because of these series of unlawful transactions, none of the entities hold any legal right to seek to collect or claim a default, and that Plaintiff therefore does not owe a duty to pay any of the entities. *Id.* ¶ 82.

### B.     Procedural History

On May 9, 2017, Plaintiff filed his Complaint in the Superior Court of California, County of Orange. *See* Compl. Plaintiff alleges claims for: (1) declaratory relief/judgment; (2) cancellation of instruments; (3) slander of title; (4) violation of California's Homeowner Bill of Rights; (5) violation of California's Unfair Competition

Law ("UCL"), California Business & Professions Code § 17200 *et seq.*; (6) breach of contract/estoppel; and (7) accounting. *Id.*

On July 26, 2017, Defendants Nationstar; HSBC Bank USA; National Association, as trustee for the certificate holders of SARM 2005-18; Veriprise; and MERS removed the case to this Court based on diversity jurisdiction. *See* Not. Rem. at 2–9.

On August 27, 2017, Plaintiff filed the instant Motion. On August 28, 2017, Defendant opposed (Dkt. 28).

## II. Request for Judicial Notice

Defendants asks the Court to take judicial notice of five documents in support of their Motion for Removal. *See* Request for Judicial Notice ("RJN") (Dkt. 3). A court may take judicial notice of court filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). A court may also take judicial notice of information on government agency websites, including business profiles on the Secretary of State website. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015). Therefore, the Court takes judicial notice of the following documents, filed with the Court as Exhibits 1 through 5 to the Request for Judicial Notice:

1. Deed of Trust, dated July 1, 2005, and recorded on July 8, 2005, in the Orange County Recorder's Office as document number 2005000527963.

2. Nationstar Mortgage Holdings Inc.'s entity details obtained from the Delaware Secretary of State website on July 24, 2017.

3. Nationstar Mortgage LLC's business entity details obtained from the California Secretary of State website on July 24, 2017.

4. Substitution of Trustee, dated August 3, 2015, and recorded on August 25, 2015, in the Orange County Recorder's Office as document number 2015000440323.

5. Notice of Trustee Sale recorded on August 10, 2016, in the Orange Recorder's Office as document number 2016000374941.

## III. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a). However, removal is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). Defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206.

## IV.     Discussion

Defendants removed this action on the grounds that non-diverse parties Quality and ReconTrust were fraudulently joined to prevent Defendants from removing the case to federal court. Opp'n at 1–2. To establish fraudulent joinder, Defendants argue that Plaintiff cannot state a claim against ReconTrust because Plaintiff's claims are: (1) barred by res judicata; (2) barred by the statute of limitations; and (3) ReconTrust's actions are privileged. *Id.* Finally, Defendants argue that Plaintiff cannot state a claim against Quality because Quality's actions as the current trustee are privileged. *Id.* at 6. The Court addresses each Defendant in turn.

### A.     ReconTrust Defendant

Plaintiff alleges that ReconTrust violated the UCL and Plaintiff therefore seeks declaratory relief and cancellation of instruments. Mot. at 8. Plaintiff predicates his claims on ReconTrust's involvement with the assignments of the deed of trust that occurred on March 17, 2011 and May 5, 2011. Compl. ¶¶ 29–32, 34–36. Defendants contend that the applicable statutes of limitations began to run on May 5, 2011, the latest date of the alleged misconduct, therefore barring Plaintiff's current causes of action. Mot. at 4.

Plaintiff's UCL claim is subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Plaintiff's action for cancellation of his written contract is also subject to a four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337. Plaintiff did not file the instant action until May 9, 2017, almost six years after ReconTrust's alleged misconduct during the assignment of the deed of trust on May 5, 2011. Therefore, the Court finds that Plaintiff's claims are barred by the applicable statutes of limitations. Given the bar on Plaintiff's UCL claim and request for cancellation of instruments, Plaintiff's request for declaratory relief is also barred. *See Mangini v. Aerojet–General Corp.*, 230 Cal. App. 3d 1125, 1155 (1991) ("[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim."). Indeed, Plaintiff has not alleged that the "discovery rule," which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005), saves any of his claims—nor can he, since he already litigated almost the exact same issues against ReconTrust in a lawsuit commenced on July 24, 2012. Opp'n at 2–4.

Therefore, the Court finds that Plaintiff cannot assert a cause of action against ReconTrust based on the expiration of the statutes of limitations. *See Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that a defendant was correctly

classified as a sham defendant based on the statute of limitations bar on the plaintiff's claims). Given the Court's finding that Plaintiff cannot assert a cause of action against ReconTrust based on the expiration of the applicable statutes of limitation, the Court does not address Defendants' remaining arguments for res judicata or privilege.

Accordingly, the Court finds that ReconTrust was fraudulently joined as a Defendant in this action.

### B. Quality Defendant

Defendants argue that Plaintiff cannot sustain a cause of action against Quality, because Quality's actions as a trustee in performing foreclosure procedures are protected by a qualified privilege under California Civil Code § 2924(d). Mot. 5–6. Plaintiff alleges that there are no official records showing that Quality is the current trustee, and therefore, Quality is not the valid legal trustee. Compl. ¶ 46. Moreover, Plaintiff alleges that Quality is not protected by privilege for its participation in the assignment of the deed of trust and substitution of trustee because those documents are not "foreclosure documents" covered under California Civil Code § 2924(d). Mot. at 5.

A trustee's actions related to the foreclosure filings and trustee's sale are generally privileged. *See* Cal. Civ. Code § 2924(d). This privilege bars claims arising out of the statutorily required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial foreclosure procedures, absent a showing of malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008). To establish malice, a plaintiff must show that "the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." *Id.* at 336.

Here, Defendants have provided evidence showing that Quality is a valid trustee whose actions are privileged under California Civil Code § 2924(d). Plaintiff alleges in his Complaint that "there is no record in the official records showing [Quality] as the 'trustee' of the deed of trust and therefore . . . [Quality] holds no legal right to notice the sale or conduct as a trustee sale." Compl. ¶ 46. However, Quality was named as the new trustee in a Substitution of Trustee recorded on August 3, 2015. *See* RJN Ex. 4 at 1–3. Furthermore, Quality's participation in the assignment of the deed of trust and substitution of trustee are privileged acts that fall within the scope of "statutory non-judicial foreclosure procedures." *See Kachlon*, 168 Cal. App. 4th at 339 (finding that a trustee's performance of statutory non-judicial foreclosure procedures are privileged acts under California Civil Code § 2924); *see also Dubose v. Suntrust Mortg., Inc.*, No. 11-CV-3264, 2012 WL 1376983, at *3 (N.D. Cal. Apr. 19, 2012) (finding that a trustee's

notice of default, notice of trustee sale, and substitution of trustee are subject to privilege). Lastly, Plaintiff has not made any factual assertions that Quality has acted with malice. Therefore, the Court finds Plaintiff cannot assert a cause of action against Quality based on Quality's privilege as trustee of the deed of trust.

Accordingly, the Court finds that Quality was fraudulently joined as a Defendant in this action.

## V. Disposition

Given the Court's finding that ReconTrust and Quality were fraudulently joined to destroy diversity, the Court DENIES Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorney's fees as MOOT.

The Clerk shall serve this minute order on the parties.